IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Christopher Prosser,<br><br>            Plaintiff,<br><br>   v.<br><br>USHEALTH Advisors, LLC, and John and Jane Does 1 through 50,<br><br>            Defendants. | Case No. 4:23-cv-00124-MTS |

**DEFENDANT USHEALTH ADVISORS, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW Defendant USHEALTH Advisors, LLC, by and through its undersigned counsel, and submits this Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  As explained in the accompanying Memorandum:

1.      Plaintiff has not made any showing of personal jurisdiction over USHEALTH Advisors, LLC ("USHA").  USHA is not at home in the Eastern District of Missouri, nor has it consented to personal jurisdiction in this district.  And the Second Amended Complaint lacks any well-pleaded factual allegations connecting USHA to the calls at issue.  As a result, there is no basis to exercise personal jurisdiction over USHA.

2.      To the extent the Court has jurisdiction over USHA, the Second Amended Complaint should still be dismissed because it fails to state any viable claim.  In general, the Second Amended Complaint is a shotgun pleading, repeatedly asserting the same conclusory

– 1 –

allegations against USHA, the Doe Defendants, and unnamed parties all at once, and ultimately failing to establish direct or vicarious liability against any of them.  As to the specific claims, Plaintiff also fails to state a claim under the TCPA because he does not plausibly allege that he was contacted via an ATDS or by an artificial or prerecorded voice.  And Plaintiff also cannot state a claim under Missouri's do-not-call law because he has not alleged that his phone number appears on the Missouri DNC registry.

Plaintiff has not met his burden to establish personal jurisdiction over USHA.  And he has failed to state a claim upon which relief can be granted.  Accordingly, the Second Amended Complaint should be dismissed in its entirety.

Dated:  July 5, 2023                                     Respectfully submitted,


                By: /s/ Robert P. Berry

Robert P. Berry, #46236 (MO)
David C. Baxter, #62165 (MO)
BERRY SILBERBERG STOKES PC
16150 Main Circle Drive, Suite 120
St. Louis, Missouri 63017
Telephone: (314) 480-5882
Fax: (314) 480-5884
Email: rberry@berrysilberberg.com
       dbaxter@berrysilberberg.com

Geoffrey Sigler
   (*pro hac vice forthcoming*)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. NW
Washington, DC 20036
Telephone: 202-887-3752
Fax: 202-530-9635
Email: gsigler@gibsondunn.com

Timothy Loose (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071
Telephone: 213-229-7000
Fax: 213-229-7520
Email: tloose@gibsondunn.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused a copy of the same to be sent via email to all counsel of record with notice of case activity generated.

/s/ Robert P. Berry