IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Prosser, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs. | ) ) | |
| Vs. | ) ) | No. 4:23-cv-00124 |
| USHealth Advisors, LLC, and John and Jane Does 1 through 50 Call Center Telemarketers/Agents | ) ) ) ) ) | |
| Defendants. | ) ) | JURY TRIAL DEMANDED |

**PLAINTIFF RESPONSE TO DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED CLASS ACTION COMPLAINT**

Comes now the Plaintiff, Christopher Prosser, through counsel and for his response to defendants' motion to dismiss the second amended complaint, states as follows and as explained in the accompanying Memorandum:

1. Plaintiff has made a clear showing of personal jurisdiction over USHealth Advisors, LLC ("USHA"). USHA is at home in the Eastern District of Missouri, as it consented to personal jurisdiction in this district, accepts process through its Missouri Registered Agent, CT Corporation, 120 S. Central Ave, Clayton, Missouri 63105, has offices and employees here, and a plethora of the calls were made by the Defendants were from 314 area code. USHA is subject to Missouri's Long Arm Statute which ties the Defendant to Missouri and subjects them to this Court's Jurisdiction.

1

2. The Second Amended Complaint contains well-pleaded factual allegations connecting USHA to the calls at issue, the telemarketers identified themselves as employees and agents of the Defendant, as a result, there is personal jurisdiction over the USHA Defendant.

3. The Court has jurisdiction over Defendant USHA and the Second Amended Complaint should not be dismissed because it states a viable claim. The Second Amended Complaint clearly pleads the facts and claims upon which relief can be granted against a repeat TCPA offender and its employees, agents, and vendors and establishes direct or vicarious liability against Defendant USHA.

4. As to the specific claims, Plaintiff states a claim under the TCPA because he plausibly alleges that he was contacted via an ATDS or by an artificial or prerecorded voice. And Plaintiff states a claim under Missouri's do-not-call law because he has alleged that his phone number appears on the Missouri DNC registry.

In sum, Plaintiff has met his burden to establish personal jurisdiction over USHA, and has stated a claim upon which relief can be granted. Accordingly, the Defendant's motion to dismiss the Second Amended Complaint should be denied in its entirety.

WHEREFORE, Plaintiff prays this Court for an Order denying the Defendant's motion to dismiss, and for such further relief deemed just and equitable in the premises.

Respectfully submitted,

/s/Edwin V. Butler
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

<u>Certificate of Service</u>

I hereby certify that the above and foregoing Proposed Second Amended Complaint was served electronically this 11th day of July 2023, on all Attorneys of record via the Court's CM/ECF filing and notification system. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

<u>/s/Edwin V. Butler</u>
Edwin V. Butler