IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Prosser, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. 4:23-cv-00124 |
| | ) | |
| USHealth Advisors, LLC, and John and Jane Does 1 through 50 Call Center Telemarketers/Agents | ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**THIRD AMENDED CLASS ACTION COMPLAINT**

Plaintiff, Christopher Prosser., appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against USHealth Advisors, L.L.C. and John and Jane Does 1 through 50, based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

**Nature of the Action**

1.      This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

2.      This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

1

3.      Defendant USHealth Advisors LLC (hereinafter "USHA") offer a service where they solicit individuals to purchase various types of insurance policies.

4.      Defendant USHA and Defendants John and Jane Doe 1 through 50, uses automated systems to make outbound telemarketing calls and texts messages to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services and insurance policies.

5.      By doing so, Defendant USHA has violated the provisions of the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076 and it violated the TCPA when it contacted numbers on the National Do Not Call Registry without their express written consent. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted telephonic sales calls to their phones.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

**THE PARTIES**

7.       Plaintiff Christopher Prosser (hereinafter referred to as "Plaintiff," "Chris," or "Mr. Prosser") is an individual residing in this District.

8.      Defendant USHealth Advisors, LLC ("USHA") is an insurance company and lead generator service for other insurance companies. USHA is a Texas based company, registered as a foreign corporation in the state of Missouri, and is a company that makes telemarketing calls, or employs its agents and vendors  to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its

registered agent local office located at 120 S. Central Ave, Clayton, Mo. 63105 and its Texas based headquarters located at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, thereby establishing sufficient ties to Missouri.

9.      Defendants John and Jane Doe's ("John/Jane Does) 1 through 50 are unknown telemarketers, employees, agents or vendors of Defendant USHA, the company that makes or ratifies telemarketing calls from this District and to this District to persons on the federal and Missouri do not call registries, just as it did with the Plaintiff.

<u>Jurisdiction and Venue</u>

10.     The Court has federal question jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012). This Court has supplemental jurisdiction under the pendant state claims for violations of the Missouri Do Not Call registry in accord with 28 U.S.C. 1367.

11.     This Court has personal jurisdiction over the John and Jane Doe Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendant USHA which encourage, entice, condone, and ratify illegal telemarketing calls into this District to persons on the no call list. Moreover, they are a registered foreign corporation in this Missouri with their registered agent being CT Corporation, 120 S. Central Ave., Clayton, Mo. 63105, the individual Defendant's have sufficient minimum contacts with the State of Missouri and this District in that they transact business in Missouri, profit personally from Defendant USHA's sales made in Missouri, they send their products to Missouri and advertise in Missouri; the tortious acts complained of within this complaint occurred in Missouri, thereby  subjecting them to Missouri's

3

long arm statute, Section 506.500.1. See *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

12.     Venue is proper in accord with 28 U.S.C 1391(b) because the calls at issue were made into this District and/or from this District.

<u>STATEMENT OF FACTS</u>

13.     Plaintiff Prosser is the subscriber and the sole user of the cell phone number ending with xxx-xxx-8888.

14.     This number has been on the National Do Not Call Registry since 2008 and was reregistered personally by the Plaintiff on the Missouri No Call list and National registries in February and May 2022.

15. The number is not associated with any business.

16. The number is for personal use.

17. On December 30, 2022, 2022, Plaintiff Prosser began receiving a substantial number of unsolicited telemarketing calls from Defendant's USHA and John and Jane Does 1 through 50.

18.     The Plaintiff answered the calls and instructed the USHA telemarketers and insurance agents that he was on both the Missouri and Federal No Call Lists, and to cease and desist making unwanted and unsolicited telemarketing calls to his private residential telephone number.

19.     The Defendants then proceeded to offer their insurance services and policy sales.

20.     Despite this, and without Plaintiff's prior express written consent, Defendants USHA and Doe's 1 through 50, and their other agents, employees and/or vendors placed more

than eighty five (85) telemarketing calls and texts to Mr. Prosser beginning on December 30, 2022, when the first call was made from telephone number (314) 671-0005.

21.     During this series of calls, the Doe Defendant telemarketers stated they were agents for USHA and solicited Mr. Prosser to purchase an Insurance Policy from Defendant's USHA to supplement his Medicare and other medical insurance policies, although he had not requested or gave express written permission for any telemarketer to contact him.

22.     Just prior to being connected to the telemarketer, Plaintiff Prosser heard a click, a several second delay, and the call was then transferred and connected to a USHA employee or independent contracting telemarketing agent.

23.     Despite the fact that Plaintiff indicated that they were interrupting his family time and work schedule, and he was extremely busy and did not request the calls,  and that he was on the National and Missouri Do Not Call Registries, and demanded the telemarketers cease all further contact, Defendants USHA and Doe's 1 through 50, continued making additional unsolicited telemarketing calls to the Plaintiff over the next week or more on behalf of the Defendant's USHA.

24.     Each of the illegal telemarketing calls/texts were condoned, encouraged, enticed and ratified by Defendant USHA as detailed supra:[1]

|     |            |          |                                       |
| --- | ---------- | -------- | ------------------------------------- |
| a.  | 12/30/2022 | 1:15 pm  | 314-671-0005                          |
| b.  | 12/30/2022 | 3:06 pm  | 314-671-0005                          |
| c.  | 12/30/2022 | 4:01 pm  | 314-343-0081                          |
| d.  | 12/31/2022 | 7:02 am  | 863-842-1229 automated text - Melissa |
| e.  | 12/31/2022 | 7:06 am  | 863-842-1229 automated text – Melissa |

---

[1] Plaintiff has repeatedly informed the defendants and their employees, vendors, and agents both verbally and through text messages that they have the wrong number and his number is listed on the Federal and Missouri State do not call registries, and to Stop Calling! Yet they continue to deliberately violate Plaintiff's privacy and right to seclusion, and the protections afforded by both the code and statute and have now called and texted Plaintiff's private number listed on the federal no call registry more than 86 times.

f.    12/31/2022    8:27 am    863-842-1229 automated text – Melissa

g.    12/31/2022    9:20 am    314-934-2226 call

h.    12/31/2022    9:21 am    314-671-0005

i.    12/31/2022    9:21 am    314-343-0081

j.    12/31/2022    9:21 am    314-343-0081

k.    12/31/2022    9:21 am    314-343-0081

l.    12/31/2022    9:22 am    314-934-2139

m.    12/31/2022    9:22 am    314-470-1114 call

n.    12/31/2022    9:22 am    314-934-2139 call

o.    12/31/2022    9:23 am    314-934-2449 call

p.    12/31/2022    9:24 am    314-934-2139 call

q.    12/31/2022    9:24 am    314-934-2139 call

r.    12/31/2022    9:24 am    314-934-2226 call

s.    12/31/2022    9:25 am    813-934-7994 automated text

t.    12/31/2022    9:25 am    314-671-0005 call

u.    12/31/2022    9:25 am    314-470-1114 call

v.    12/31/2022    10:32 am    813-934-7994 automated text

w.    12/31/2022    10:47 am    813-934-7994 automated text

x.    1/1/2023    2:24 pm    863-842-1229 call

y.    1/1/2023    2:25 pm    863-842-1229 automated text - Kayla

z.    1/2/2023    6:47 am    863-842-1229 automated text – Kayla

aa.    1/2/2023    7:53 pm    314-934-2139 call

bb.    1/3/2023    11:26 am    954-429-6235 automated text – William

cc.    1/3/2023    11:31 am    954-429-6235 automated text – William

dd.    1/3/2023    2:24 pm    813-934-7090 automated text

ee.    1/3/2023    5:32 pm    904-299-9563 automated text - Tina

ff.    1/4/2023    8:15 am    904-299-9563 automated text – Tina

gg.    1/4/2023    8:29 am    469-256-2550 automated text – Hope

hh.    1/4/2023    8:51 am    469-256-2550 text – Hope

ii.    1/4/2023    10:05 am    469-256-2550 text – Hope

| jj. | 1/4/2023 | 11:24 am | 314-934-2139 call |
| kk. | 1/4/2023 | 2:25 pm | 314-470-1114 call |
| ll. | 1/4/2023 | 2:29 pm | 863-842-1381 automated text |
| mm. | 1/4/2023 | 8:31 pm | 314-934-2449 call |
| nn. | 1/5/2023 | 8:07 am | 314-343-0081 call |
| oo. | 1/5/2023 | 8:08 am | 314-934-2226 call |
| pp. | 1/5/2023 | 11:11 am | 813-515-8185 automated text M. Robinson[2] |
| qq. | 1/5/2023 | 12:12 am | 813-515-8185 automated text M. Robinson |
| rr. | 1/5/2023 | 12:26 am | 813-515-8185 automated text M. Robinson |
| ss. | 1/5/2023 | 2:10 pm | 314-934-2226 call |
| tt. | 1/5/2023 | 2:24 pm | 813-756-7090 automated text |
| uu. | 1/5/2023 | 2:24 pm | 863-842-1381 automated text – Nationwide |
| vv. | 1/5/2023 | 5:17 pm | 314-470-1114 call |
| ww. | 1/5/2023 | 8:12 pm | 314-470-1114 call |
| xx. | 1/6/2023 | 8:26 am | 314-934-2139 call |
| yy. | 1/6/2023 | 9:08 am | 325-246-9606 automated text |
| zz. | 1/6/2023 | 9:10 am | 325-246-9606 automated text |
| aaa. | 1/6/2023 | 9:11 am | 325-246-9606 automated text USHealth |
| bbb. | 1/6/2023 | 11:26 am | 314-934-2139 atds call |
| ccc. | 1/6/2023 | 2:27 pm | 314-934-2449 robo call |
| ddd. | 1/7/2023 | 7:12 pm | 727-231-6565 robo call |
| eee. | 1/7/2023 | 7:13 pm | 314-343-00814 automated text |
| fff. | 1/8/2023 | 8:57 am | 813-278-7349 automated text – Daisy |
| ggg. | 1/8/2023 | 11:57 am | 314-470-1114 robo call |
| hhh. | 1/8/2023 | 11:58 am | 470-240-2882 automated text - Olivia |

[2] After repeatedly instructing the Defendants and their agents, employees and vendors both verbally and in texts that the Plaintiff was on both the state and federal no call registries and demanding to cease all contact with him, the Defendant's were formally served via certified mail 7022 0410 0001 1758 3056 on January 6, 2023 at 2:59 p.m. with the first draft suit that they were making illegal telemarketing calls to the Plaintiff's private cell number without express written permission as it is registered on the federal DNC since 2008 and Missouri do not call list since February 2022 and to cease further communication.  After receiving service, the Defendant's made 34 additional calls to Plaintiff – totaling 87 illegal solicitation calls in a little more than two weeks.

| iii. | 1/8/2023 | 11:59 am | 470-240-2882 automated text – Olivia |
| jjj. | 1/8/2023 | 2:59 pm | 941-280-0145 automated text – Taylor |
| kkk. | 1/8/2023 | 5:59 pm | 813-624-2095 auto text – Stephanie D.[3] (Picture with business card in Auto text) |
| lll. | 1/9/2023 | 9:56 am | 813-278-7349 automated text – Daisy |
| mmm. | 1/9/2023 | 4:18 am | 314-934-2449 robo call |
| nnn. | 1/9/2023 | 5:05 am | 314-343-0081 robo call |
| ooo. | 1/10/2023 | 8:18 am | 314-671-0005 robocall |
| ppp. | 1/10/2023 | 11:19 am | 850-204-9954 automated text - Joseph |
| qqq. | 1/10/2023 | 11:20 am | 325-268-9598 autotext- Joseph |
| rrr. | 1/10/2023 | 12:17 pm | 325-268-9598 autotext- Joseph |
| sss. | 1/10/2023 | 4:17 pm | 325-268-9598 autotext- Joseph |
| ttt. | 1/10/2023 | 4:50 pm | 325-268-9598 autotext- Joseph |
| uuu. | 1/10/2023 | 4:51 pm | 325-268-9598 autotext- Joseph |
| vvv. | 1/10/2023 | 5:20 pm | 314-470-1114 robocall |
| www. | 1/10/2023 | 5:31 pm | 314-934-2226 robocall |
| yyy. | 1/11/2023 | 8:10 am | 314-470-1114 robocall |
| zzz. | 1/11/2023 | 11:19 am | 314-954-6235 ATDS text – William |
| aaaa. | 1/11/2023 | 12:42 pm | 813-291-4506 autotext |
| bbbb. | 1/11/2023 | 2:12 pm | 314-934-2449 robocall |
| cccc. | 1/11/2023 | 2:28 pm | 863-842-1381 adts |
| dddd. | 1/11/2023 | 5:13 pm | 314-934-2139 robocall |
| eeee. | 1/12/2023 | 8:06 am | 863-842-1381 text Mike Greenstein |
| ffff. | 1/12/2023 | 8:12 am | 314-671-0005 robocall |
| gggg. | 1/12/2023 | 8:21 am | 863-842-1381 text Mike Greenstein |
| hhhh. | 1/12/2023 | 10:17 am | 314-954-6235 ATDS text – William |
| iiii. | 1/18/2023 | 2:43 pm | 314-934-2139 call |

---

[3] In this automated text Plaintiff received 34 calls listed in the suit after service and notification, a photo business card listing Stephanie Darossa, Licensed Health Insurance Advisor. A Google search revealed Defendant Darossa as an agent for USHealth Advisors, Texas – stephanie.darossa@usadvisors.com.

25.    During each call and text the telemarketer solicited Mr. Prosser to purchase an insurance policy from and through Defendants USHA, through Doe's 1 through 50.

26.    The Defendant's persistently harassed, annoyed and solicited Mr. Prosser to purchase insurance policies from Defendants USHA, Doe's 1 through 50 even though he demanded the calls cease, and he is registered on the Federal and Missouri Do Not Call registry and has been for years prior to their unsolicited marketing calls to his private, personal residential cell phone.

27.    More than a week after being served via certified mail with a copy of the draft lawsuit, Prosser either contacted or was contacted by Erica Gibbs, USHealth corporate counsel on behalf of USHA.

28.    The Defendant did not deny the calls or that they had disseminated Plaintiff's phone number to hundreds of their agents, vendors, and insurance agents without his express written permission for the purpose of making telemarketing calls to Plaintiff, and Gibbs denied liability for the calls because their "independent agents" made all of the illegal calls.

29.    Plaintiffs' privacy and right to seclusion has been grossly, deliberately, and repeatedly violated by the above-described telemarketing calls and automated texts and the Plaintiff was severely annoyed, harassed and humiliated by myriad telemarketer when he instructed them to stop calling his phone from the onset.

30.    The Plaintiff never provided his written consent to receive or requested these calls, nor have the Defendants provided Plaintiff with a copy of any express written consent by Plaintiff to receive the calls.

31.     Plaintiff and all members of the Class, defined below, have been harmed by the repeated acts of the Defendants because their privacy and right to seclusion has been violated, they were annoyed, harassed and caused other injuries, including incurring telephone service provider fees, wear and tear on his phone, damage and disruption to his phone's battery life, loss of utility of his phone and other injuries and costs.

32.     Defendants made, and continue to make, these telemarketing calls to individuals nationwide without their prior written express consent to do so.

33.     During the majority of these calls, there was a significant pause before Defendants' representative started speaking, which is a telltale sign that Defendants used a predictive dialer to make the call.

34.     In response to these unsolicited telephonic calls, Plaintiff filed this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and Missouri No Call and Telemarketing Marketing laws, as well as an award of statutory damages to the members of the Class, attorneys' fees, and costs.

35.     None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

<u>**Class Action Allegations**</u>

36.     Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, pursuant to Federal Rule of Civil Procedure 23(b)(2 and (b)(3), on behalf of himself and the following Classes:

> **Robocall Class and Automatic Telephone Dialing System Class:**
>
> All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular

phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

**Do Not Call Class ("DNC Class")**:
All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted their products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Missouri Do Not Call Class ("MDNC Class")**:
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that promoted insurance policies products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her since December 20, 2020.

37.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

38.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

39.     Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants and their agents.

40.     The Classes are so numerous that joinder of all members is impractical. Plaintiff alleges that there are more than 40 members of each Class.

41.    The Class as defined above are identifiable through phone records and phone number databases.

42.    The potential members of the Class number at least in the thousands.

43.    Individual joinder of these persons is impracticable.

44.    Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

45.    Plaintiff is a member of the Class.

45.    There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a.    Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

b.    Whether each of the Defendants or their vendors and agents had prior express written consent to call Class members;

c.    Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes whose telephone numbers were registered with the state and national Do-Not-Call registries;

d.    Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes where Defendants did not have a current record of express written consent to make such telephone calls;

e.    Whether Plaintiff and Class Members are entitled to damages, including whether Defendants' violations were performed willfully or knowingly

12

such that Plaintiff and Class Members are entitled to treble damages; and

      f.     Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

46.     The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

47.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including TCPA class actions.

48.     Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

49.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents, vendors, subsidiaries, and sub-contractors.

50.     Injunctive Relief is Appropriate: Based on information and belief, Defendants USHA and Doe's 1 through 50, and their other agents, employees and/or vendors continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

51.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**Count I**
**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**
**(On behalf of Plaintiff and the Robocall and ATDS)**

52.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 51 as if fully set forth herein.

53.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

54.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

14

violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

55.     The Defendant's violations were negligent, willful, or knowing.

56.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

57.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

## COUNT II
### Violations of the TCPA Against All Defendants
### by Plaintiff Individually and on Behalf of the DNC Class

58.     Plaintiff  incorporates by reference the allegations contained in paragraphs 1 through 57 as though set forth herein.

59.     47 U.S.C. §227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

60.     The foregoing acts and omissions of Defendant's USHA, Doe's 1 through 50, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by calling and texting the Plaintiff's residential cell  eight-seven (87) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate  violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

61.     The Defendant's violations were negligent, willful, or knowing.

62.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

63.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

**COUNT III**
**Violations of the MDNC Against All Defendants**
**by Plaintiff Individually and on Behalf of the MDNC Class**

64.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 63 as though set forth herein.

65.    Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendants.

66.     The Defendants acts and omissions constitute multiple violations of the MDNC to No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

67.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of *encouraging* the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

68.     Defendant failed to secure prior express written consent from Plaintiff and the Class   Members.

69.     In violation of the MDNC, Defendants made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said telemarketing calls.

70.     Defendants made and/or knowingly allowed the telephonic sales calls and texts to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

71.     As a result of Defendant's conduct, and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

*WHEREFORE*, Plaintiff Prosser and all members of the MDNC class prays for judgment against Defendant's USHA and Does 1 through 50, for $5,000.00 per violation, and for their attorneys fees and costs, appropriate injunctive reliefs, and for such further relief deemed just and equitable in the premises.

**COUNT IV**
**Defendant USHA'S Vicarious Liability**

*COMES NOW*, Plaintiff and for his fourth cause of action against Defendant USHA states:

72.    Plaintiff reasserts and incorporates fully herein by reference each of the above paragraphs as though fully set forth herein.

73.    For 25 years now the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

74.    In 2013 the FCC explained again in detail that a corporate defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

75.    The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were *judgment proof, unidentifiable, or located outside the United States, as is often the case.* Even where third-party telemarketers are identifiable, solvent, and amenable to

19

judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

76.    The FCC has **rejected** a narrow view of TCPA liability, including the assertion

that liability requires a finding of ***formal agency*** and immediate direction and control over the

third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D.

NM 2019). It is enough that the individual defendants had a right to control or supervise the acts

of other defendants to be vicariously liable.

77.    A connection exists between all Defendants herein and the calls complained of by

Plaintiff because the calls were directly made on behalf of Defendants USHA by the Doe

Defendants so they could all profit from a common enterprise in which they all substantially

participated of selling insurance policies

78.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to

ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy

to avoid liability."' *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

79.    Defendant USHA's acts and omissions of supplying the Plaintiff phone number to

all of their insurance agents, telemarketers and vendors, without Plaintiff's express written

consent, and allowing them to unlawfully contact Plaintiff constitute multiple deliberate

violations of both the DNC and MDNC.

80.    Defendant USHA is  vicariously liable and responsible for the phone calls at issue

because John and Jane Does 1 through 50  made or initiated the calls to Plaintiffs or they

substantially participated, and promulgated the policy and ratified making the calls to persons on

the no call list without their express written consent and by providing Does 1 through 50 with the resources and equipment to make the unsolicited telemarketing calls.

81.     Defendant USHA is also further vicariously liable for the calls complained of by Plaintiff herein because they:

a)      authorized or caused John and  Jane Does 1 through 50 to initiate the phone calls or initiated the calls and texts themselves;

b)      directly or indirectly controlled the persons who actually made or initiated the calls or had the right to do so;

c)      allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance policies using robocalling atds, texting, and direct dialing;

d)      the Defendant allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems;

e)      The Defendant approved, wrote, reviewed or participated in developing the telemarketing sales scripts or had the right to do so;

f)      Defendants USHA knew or reasonably should have known or consciously avoided knowing that the actual telemarketers and agents were violating the law and Defendants failed to take effective steps within their power to require compliance and had the right to do so.

g)      Defendant USHA gave substantial assistance or support to John and Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly

indifferent to the fact that John and Jane Does were engaged in acts or practices that violated the TCPA and MDNC and ratified each of the illegal calls.

82.    Defendants USHA by and through Doe's 1 through 50,  apparently had authority to engage in the autodialing, direct dialing, texting and robocalling at issue herein because after Plaintiff patiently listened to the scripted sales pitch the Defendant USHA and its agents and employees would all profited from each and every sale thereby ratifying their illegal practice.

83.    Defendant USHA ratified the calls to Plaintiff described above because they accepted any potential benefits to them to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

84.    As a direct and proximate result of the 87 illegal solicitation calls by the above John and Jane Doe Defendants, as ratified by Defendants USHA, Plaintiff suffered the gross violation of his rights to privacy, solace and seclusion as set forth above, as well as monetary loss in phone provider service fees, wear and tear on his phone equipment, loss of utility of his phone, and the degradation of his battery life, as well as suffered annoyance and frustration.

*WHEREFORE*, Plaintiff prays for entry of judgment against Defendants USHA for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff further requests an award of his attorney fees and costs.

Respectfully submitted,


/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff


Certificate of Service

    I hereby certify that the above and foregoing Proposed Second Amended Complaint was served electronically this 12th day of July 2023, on all Attorneys of record via ECF/CM filing and notification system. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

/s/Edwin V. Butler
Edwin V. Butler