IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Christopher Prosser, | Case No. 4:23-cv-00124-MTS |
| Plaintiff, | |
| v. | |
| USHEALTH Advisors, LLC, and John and Jane Does 1 through 50, | |
| Defendants. | |

**USHEALTH ADVISORS, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff's attempt to file a "sur-reply" to re-brief issues and introduce matters not contained in any of his four prior pleadings should be summarily denied. A surresponse[1] is appropriate only "when a moving party advances new evidence and reasons in support of its motion . . . in its reply," but Plaintiff makes no effort to establish that is the case here. *Am. Guar. & Liab. Insur. Co. v. U.S. Fidelity and Guar. Co.*, 2009 WL 10694312, at *2 (E.D. Mo. Oct. 20, 2009). Because all of the allegations, cases, and reasons for dismissal set forth in USHEALTH Advisors LLC's ("USHA") reply brief were raised in the moving papers, there is no reason for further briefing. It is Plaintiff who raises new arguments, new allegations, new exhibits, and new

---

[1] As Judge White explained in an opinion denying a similar motion, "although Plaintiff seeks leave to file a surreply, a memorandum filed following a reply is properly designated a surresponse, which itself may be followed by a surreply." *Early v. Henry Thayer Company, Inc.*, 2021 WL 3089025, at *1 n.1 (E.D. Mo. Jul. 22, 2021).

– 1 –

cases—all of which could and should have been included with his opposition brief and are improper to raise in a surresponse.

Plaintiff's surresponse is not only improper, it also fails to change the outcome and dismissal would still be warranted. The surresponse offers nothing new. Several portions simply restate language from previous filings essentially verbatim. For example, pages 7 and 8 merely block-quote language from the TAC, which Plaintiff also block-quoted in his opposition. (*Compare* Plaintiff Surreply to Defendant's Motion to Dismiss Third Amended Class Complaint (hereinafter, "Proposed Surresponse") at 7–8 *with* Plaintiff Resp. to Defendant's Mot. to Dismiss (hereinafter "Opp.") at 7–9). On pages 9–12, Plaintiff merely restates arguments and recites cases and FCC Orders he has already cited. (*Compare* Proposed Surresponse 9–12 *with* Opp. at 6–10). The few additional cases Plaintiff cites were all decided and available to cite prior to filing his opposition brief, and they all confirm UHSA's argument that merely being registered to do business in Missouri is not enough to create personal jurisdiction. *See, e.g., UMB Bank, N.A. v. Kraft CPAS, PLLC* 2023 WL 3666879, at *2–3 (W.D. Mo. May 25, 2023) (holding that personal jurisdiction existed because defendant accounting firm's alleged negligence occurred in Missouri); *Thurman v. Am. Honda Motor Co.*, 2022 WL 4292331, at *2 (W.D. Mo. Sept. 16, 2022) ("Missouri's long-arm statute provides personal jurisdiction over non-resident defendants based on" the enumerated requirement of "'[t]he commission of a tortious act within [the] state.'") (quoting Mo. Rev. Stat. § 506.500.1); *Smith v. Truman Rd. Dev., LLC*, 414 F. Supp. 3d 1205, 1217 (W.D. Mo. 2019) ("Plaintiffs have made a prima facie showing that Defendants' conduct falls within the enumerated categories of the Missouri long-arm statute."); *State ex rel PPG Indus., Inc. v. McShane*, 560 S.W.3d 888, 893 (Mo. 2018) (holding defendant's

"connection to Missouri" was "so very attenuated and so very remote that any consequences felt in Missouri in this case cannot reasonably be attributed to [defendant's] activity.").

Plaintiff's new allegations go no further in establishing that USHA can be held vicariously liable for the third-party telemarketing calls at issue. Plaintiff's reference to alleged activities in Utah (*see* Proposed Surresponse at 6), a LinkedIn webpage created by a "self-employed" agent who allegedly called him, (*see id.* at 5, *see also* Dkt. 70–1), and a new alleged call from a company affiliated with, but separate and distinct from, USHA (*see* Dkt. 70–2) still fail to allege that USHA controlled and directed the third parties to call Plaintiff in violation of the TCPA. Without alleging that essential element, there is still no basis for personal jurisdiction or vicarious liability, as USHA explained in its Motion and Reply. (*See* Motion to Dismiss at 4–9; *see also* Reply at 3–8).

Facing a fully briefed motion to dismiss and a baseless motion for leave to file a surresponse, this Court should do what other courts in this District have done repeatedly and grant the motion to dismiss while denying the motion for leave to file a surresponse. *See, e.g., Early,* 2021 WL 3089025 at *18; *Theisen v. Stoddard Cnty.*, 2014 WL 3734290 at *4 (E.D. Mo. Jul. 29, 2014) (granting motion to dismiss and denying motion for leave to file a surreply).

Dated:  July 31, 2023

Respectfully submitted,


By: /s/ Robert P. Berry

Robert P. Berry, #46236 (MO)
David C. Baxter, #62165 (MO)
BERRY SILBERBERG STOKES PC
16150 Main Circle Drive, Suite 120
St. Louis, Missouri 63017
Telephone: (314) 480-5882
Fax: (314) 480-5884
Email: rberry@berrysilberberg.com
        dbaxter@berrysilberberg.com

Geoffrey Sigler
    (*pro hac vice forthcoming*)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. NW
Washington, DC 20036
Telephone: 202-887-3752
Fax: 202-530-9635
Email: gsigler@gibsondunn.com

Timothy Loose
    (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071
Telephone: 213-229-7000
Fax: 213-229-7520
Email: tloose@gibsondunn.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 31, 2023, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which caused a copy of the same to be sent via

email to all counsel of record with notice of case activity generated.


                                                    /s/ Robert P. Berry