IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Christopher Prosser, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs. | ) ) |
| Vs. | ) ) No. 4:23-cv-00124 MTS |
| USHealth Advisors, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION
TO THE PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SURREPLY
TO DEFENDANT'S MOTION TO DISMISS**

Comes Now the Plaintiff, by and through counsel, and for his reply to Defendant's Opposition to Plaintiff's Motion to file a surresponse, states:

The Defendant's opine that there is no reason for further briefing, yet they fail to address their misstatement of the facts evincing the Court's undisputed jurisdiction over this case and the Defendant. Deft. Opp. p. 1.

What the Defendants are attempting is to undermine the controlling impact of the Western District's decision in See, e.g., *UMB Bank, N.A. v. Kraft CPAS, PLLC,* 2023 WL 3666879, at *2–3 (W.D. Mo. May 25, 2023). Whether it was available is irrelevant, it was not cited by the Defendant's in any prior motion or pleading and fails to recognize an important factor – Missouri has the *strong interest* in providing a forum for its residents, whom have had a tort committed against them in Missouri. The Defendant's cannot argue in good faith, nor do they, that these 90

1

illegal telemarketing calls to a Missouri resident on two independent no call registries do not constitute a tort. And the Defendant's connection to Missouri is not attenuated – they send their advertising here, conduct business here, they have offices here, employees here, as well as a registered agent and commit widespread torts against Missouri residents, including the Plaintiff. Most important, as sufficiently alleged in the Third Amended Complaint, approximately forty (40) of the defendants' illegal calls were made from within this state to the Plaintiff from a (314) area code. See *TAC* at pp. 5-8. These elements are sufficient as a matter of law to establish jurisdiction over this case. The Defendant's deliberate tortious conduct, and connection with Missouri are such that they should reasonably anticipate being haled into Court In this state. *UMB Bank, N.A. v. Kraft CPAS, PLLC,* 2023 WL 3666879, at *2–3 (W.D. Mo. May 25, 2023); see also *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)).

      WHEREFORE, Plaintiff prays for leave to file his surresponse and for such further relief deemed just in the circumstances.

Respectfully submitted,

/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

2

## Certificate of Service

 I hereby certify that the above and foregoing reply to defendants' opposition to plaintiff's motion for leave to file a sur-reply was served electronically this 4th day of July 2023, on all Attorneys of record via ECF/CM filing and notification system. This document was also scanned for viruses using Windows Defender 2022 and is free of viruses and malware.

/s/Edwin V. Butler<br>
Edwin V. Butler