IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Christopher Prosser,<br><br>       Plaintiff,<br><br>   v.<br><br>USHEALTH Advisors, LLC, and John and Jane Does 1 through 50,<br><br>       Defendants. | Case No. 4:23-cv-00124-MTS |

## DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW Defendant USHEALTH Advisors, LLC, by and through its undersigned counsel, and hereby answers Plaintiff's Third Amended Complaint (the "Complaint") filed by Plaintiff Christopher Prosser as follows:

Defendant USHEALTH Advisors, LLC ("USHA") submits this answer for itself only, and does not purport to answer for any other entity or company, including but not limited to any entity which may be affiliated with Defendant.

Defendant denies any and all liability under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant also denies any and all liability under the telemarketing provisions of Missouri's Merchandising Practices law, including Mo. Rev. Stat. §407.1070–1110. Defendant denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably flow from the admitted facts. In addition, Defendant denies any averments in the headings, subheadings, and, unless otherwise noted, footnotes of the Complaint.

Defendant denies that Plaintiff or any putative class is entitled to the relief requested in the Complaint or any other relief.

### AS TO "NATURE OF THE ACTION"

1.      This is Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 1.

2.      This is Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 2.

3.      Defendant denies the allegations contained in Paragraph 3.

4.      Defendant denies the allegations contained in Paragraph 4.

5.      Defendant denies the allegations contained in both sentences of Paragraph 5.  The first sentence of Paragraph 5 also asserts legal conclusions to which no responses are required.

6.      Paragraph 6 asserts Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 6 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

### AS TO "PARTIES"

7.      Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 7 and therefore denies them on that basis.

8.      Defendant admits that it is a Texas based company and that it is registered as a foreign corporation in the state of Missouri.  Defendant denies all other allegations contained in Paragraph 8.

9.      Defendant denies the allegations contained in Paragraph 9.

## AS TO "JURISDICTION AND VENUE"

10.     Paragraph 10 asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

11.     Paragraph 11 asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

12.     Paragraph 12 asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant reserves all rights and defenses, jurisdictional or otherwise, that may arise from the facts and evidence in this case.

## AS TO "STATEMENT OF FACTS"

13.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 13 and therefore denies them on that basis.

14.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 14 and therefore denies them on that basis.

15.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 15 and therefore denies them on that basis.

16.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 16 and therefore denies them on that basis.

17.     Defendant denies the allegations contained in Paragraph 17.

18.     Defendant denies the allegations contained in Paragraph 18.

19.     Defendant denies the allegations contained in Paragraph 19.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     Defendant denies the allegations contained in Paragraph 21.

22.     Defendant lacks information sufficient to admit or deny the allegations contained in Paragraph 22 and therefore denies them on that basis.

23.     Defendant denies the allegations contained in Paragraph 23.

24.     Defendant admits that it received a letter from Plaintiff containing a draft lawsuit. To the extent this paragraph purports to characterize the content of text messages, a business card, and a google search, those documents speak for themselves, and therefore no response is required.  To the extent any response is required to those messages, the business card, and the google search, Defendant denies the allegations.  Defendant denies all other allegations contained in Paragraph 24, including all allegations contained in subparagraphs 24(a) through 24(iiii).  Defendant also denies all allegations in footnotes 1, 2, and 3.

25.     Defendant denies the allegations contained in Paragraph 25.

26.     Defendant denies the allegations contained in Paragraph 26.

27.     Defendant admits that Erica Gibbs is its counsel and that she contacted Plaintiff. Defendant denies all other allegations contained in Paragraph 27.

28.     Defendant admits that Erica Gibbs denied liability during her call with Plaintiff. Defendant denies all other allegations contained in Paragraph 28.

29.     Paragraph 29, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 29.

30.     Defendant denies the allegations contained in Paragraph 30.

31.     Defendant denies the allegations contained in Paragraph 31.

32.     Defendant denies the allegations contained in Paragraph 32.

33.     Defendant denies the allegations contained in Paragraph 33.

34.     Paragraph 34 asserts Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 34 and further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

35.     Paragraph 35, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 35.

## AS TO "CLASS ACTION ALLEGATIONS"

36.     Defendant denies the allegations contained in Paragraph 36 and further denies that there should be any class.

37.     Paragraph 37 asserts Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 37 and further denies that there should be any class.

38.     Defendant denies the allegations contained in Paragraph 38 and further denies that there should be any class.

39.     Defendant denies the allegations contained in Paragraph 39 and further denies that there should be any class.

40.     Defendant denies the allegations contained in Paragraph 40 and further denies that there should be any class.

41.    Defendant denies the allegations contained in Paragraph 41 and further denies that there should be any class.

42.    Defendant denies the allegations contained in Paragraph 42 and further denies that there should be any class.

43.    Defendant denies the allegations contained in Paragraph 43 and further denies that there should be any class.

44.    Defendant denies the allegations contained in Paragraph 44 and further denies that there should be any class.

45.    Defendant notes that the Complaint includes two paragraphs numbered "45."  For ease of reference in regards to the ensuing paragraphs, Defendant refers to the first paragraph numbered 45 as 45(i), and the second paragraph numbered 45 as 45(ii).

    i.    Defendant denies the allegations contained in Paragraph 45(i) and further denies that there should be any class.

    ii.    Defendant denies the allegations contained in Paragraph 45(ii) and further denies that there should be any class.

46.    Defendant denies the allegations contained in Paragraph 46 and further denies that there should be any class.

47.    Defendant denies the allegations contained in Paragraph 47 and further denies that there should be any class.

48.    Defendant denies the allegations contained in Paragraph 48 and further denies that there should be any class.

49.    Defendant denies the allegations contained in Paragraph 49 and further denies that there should be any class.

50.    Defendant denies the allegations contained in Paragraph 50 and further denies that there should be any class.

51.    Defendant denies the allegations contained in Paragraph 51 and further denies that there should be any class.

## AS TO "COUNT I"

52.    Defendant repeats and incorporates by reference its above responses to Paragraphs 1 through 51 of the Complaint.

53.    Paragraph 53, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 53.

54.    Paragraph 54, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 54.

55.    Paragraph 55, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 55.

56.    Paragraph 56, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 56.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

57.    Paragraph 57, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in

Paragraph 57.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

The Prayer For Relief, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in the Prayer.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

**AS TO "COUNT II"**

58.     Defendant incorporates by reference its above responses to Paragraphs 1 through 57 of the Complaint.

59.     Paragraph 59, in its entirety, asserts legal conclusions to which no responses are required.

60.     Paragraph 60, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 60.

61.     Paragraph 61, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 61.

62.     Paragraph 62, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 62.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

63.     Paragraph 63, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in

Paragraph 63.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

The Prayer For Relief, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in the Prayer.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

### AS TO "COUNT III"

64.     Defendant incorporates by reference its above responses to Paragraphs 1 through 63 of the Complaint.

65.     Paragraph 65 asserts Plaintiff's characterization of this action, which is a legal proposition to which no response is required.  To the extent any response is required, Defendant denies the allegations contained in Paragraph 65 and further denies that there should be any class.

66.     Paragraph 66, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 66.

67.     Paragraph 67, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 67.

68.     Defendant denies the allegations contained in Paragraph 68 and further denies that there should be any class.

69.     Defendant denies the allegations contained in Paragraph 69 and further denies that there should be any class.

70.    Defendant denies the allegations contained in Paragraph 70 and further denies that there should be any class.

71.    Paragraph 71, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 71.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

The Prayer For Relief, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in the Prayer.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

**AS TO "COUNT IV"**

72.    Defendant reasserts and incorporates by reference its above responses to Paragraphs 1 through 71 of the Complaint.

73.    Paragraph 73, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 73.

74.    Paragraph 74, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 74.

75.    Paragraph 75, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 75.

76.    Paragraph 76, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 76.

77.    Defendant denies the allegations contained in Paragraph 77.

78.    Paragraph 78, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 78.

79.    Paragraph 79, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 79.

80.    Paragraph 80, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 80.

81.    The first sentence of Paragraph 81 comprises a legal conclusion to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in the first sentence of Paragraph 81.  Defendant denies the allegations contained in the subparagraphs of Paragraph 81, including the allegations in subparagraphs 81(a) through 81(g).

82.    Paragraph 82, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 82.

83.    Paragraph 83, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 83.

84.    Paragraph 84, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in Paragraph 84.

The Prayer For Relief, in its entirety, asserts legal conclusions to which no responses are required.  To the extent any response is required, Defendant denies any allegations contained in the Prayer.  Defendant further denies that Plaintiff or any putative class is entitled to any of the relief requested or to any other relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses.  In asserting these defenses, Defendant does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof or persuasion upon Plaintiff.  In addition, Defendant specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts and circumstances that may or will be discovered and/or further legal analysis of Plaintiff's position in this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a plausible basis for class relief pursuant to Federal Rule of Civil Procedure 23 and Section 407.025 of the Missouri Revised Statutes, in that, *inter alia*, Plaintiff cannot identify an ascertainable class and, even if it could, the claims Plaintiff asserts cannot be common or typical of the claims of the putative class; nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff assert warrant class treatment.  The elements of Fed. R. Civ. P. 23(a) and (b) cannot be met, nor can the elements of

Mo. Rev. Stat. § 407.025.6, and individualized fact issues, including but not limited to the provision and revocation of consent, will predominate over any alleged common issues. Plaintiff's proposed class definitions are overly broad, and Plaintiff cannot prove numerosity, commonality, typicality, predominance, superiority, or manageability.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative class are barred, in whole or in part, because neither Plaintiff nor the putative class have suffered an injury in fact or actual damages and therefore lack standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because the alleged calls were not made via an automatic telephone dialing system ("ATDS"), as defined in 47 U.S.C. § 227(a)(1), nor were they made using an artificial or prerecorded voice.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because the alleged calls were made to Plaintiff and putative class members with Plaintiff's and putative class members' prior express invitation and permission.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, by prior consent, express and implied, granted or authorized to be granted by Plaintiff and putative class members.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, by prior express written consent, granted or authorized to be granted by Plaintiff and putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because the callers had an established business relationship with Plaintiff and putative class members, or had a personal relationship with Plaintiff and putative class members.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because they did not register their residential telephone lines on the National Do-Not-Call registry or the Missouri Do-Not-Call registry.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because they did not receive telephone solicitations as defined by 47 C.F.R. § 64.1200(f)(14) or Mo. Rev. Stat. § 407.1095(3).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because any registration on the National Do-Not-Call registry and Missouri Do-Not-Call registry, no such registrations being admitted, are invalid because they are not residential telephone subscribers, and their telephones are not residential telephone lines, under 47 U.S.C. § 227(c), 47 C.F.R. § 64.1200(c), and Mo. Rev. Stat. § 407.1095(2).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages and damages of putative class members, if any, and none being admitted, were not caused by Defendant, but by another person or entity, including Plaintiff and putative class members, for whom Defendant is not responsible and over whose activities Defendant exercise no control and/or has no right to control.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because no facts support any theory of vicarious liability against Defendant for acts of third parties outside the scope of their actual or apparent authority and neither Plaintiff nor putative class members have conferred any benefit on Defendant that could be deemed a ratification of alleged acts of third parties outside the scope of authority.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches, estoppel, and unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c) and Mo. Rev. Stat. §§ 407.1070–1110.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable statutory, regulatory, and common law requirements and, accordingly, Plaintiff's claims and claims of putative class members are barred

by Defendant's compliance with all applicable State, Federal, and local laws and regulations, including but not limited to the TCPA, 47 C.F.R. § 64.1200, Mo. Rev. Stat. §§ 407.1070–1110.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Defendant engaged in any conduct which may have violated any provision of the TCPA or Mo. Rev. Stat. §§ 407.1070–1110, such violation was unintentional, accidental, and as a result of bona fide error which occurred notwithstanding the procedures reasonably adapted to avoid such error and ensure Defendant's compliance with all applicable statutory, regulatory, and common law requirements.  Additionally, Defendant raises its good faith compliance as a defense to Plaintiff's claims and claims of putative class members for treble damages for alleged willing or knowing violations of the TCPA or Mo. Rev. Stat. §§ 407.1070–1110.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any award of punitive or statutory damages against Defendant would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred because the TCPA and Mo. Rev. Stat. §§ 407.1070–1110 violate the Defendant's First Amendment right to free speech. Specifically, the statutes are an improper content-based restriction on constitutionally protected speech.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members under Missouri state law are barred to the extent they are preempted by the TCPA and violate the dormant Commerce Clause.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff and putative class members are barred from recovering treble damages because Defendant has not acted intentionally, maliciously, willfully, knowingly, recklessly, negligently, or under a false pretense in any of its alleged conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Claims of the putative class members are barred by their agreements to arbitrate all of their claims against Defendant, and they waived their right to bring or participate in a class action for their claims against USHA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's class claims are barred because this court lacks personal jurisdiction over Defendant to maintain a nationwide class action that includes non-resident class members.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and claims of putative class members are barred, in whole or in part, because Plaintiff is not a proper representative to bring this action on behalf of the putative class.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury of all issues so triable as a matter of right.

– 17 –

**PRAYER**

WHEREFORE, DEFENDANT prays for the following relief:

A.  That judgment on the Complaint, and on each cause of action against Defendant, be

    entered in favor of Defendant;

B.  That this Court finds this suit cannot be maintained as a class action;

C.  That Plaintiff and the members of the putative class take nothing by Plaintiff's

    Complaint;

D.  That the requests for injunctive relief be denied; and

E.  For such other and/or further relief as this Court may deem just and proper.

Dated:  August 23, 2023                    Respectfully submitted,


By: /s/ Robert P. Berry
_____

Robert P. Berry, #46236 (MO)
David C. Baxter, #62165 (MO)
BERRY SILBERBERG STOKES PC
16150 Main Circle Drive, Suite 120
St. Louis, Missouri 63017
Telephone: (314) 480-5882
Fax: (314) 480-5884
Email: rberry@berrysilberberg.com
          dbaxter@berrysilberberg.com

Geoffrey Sigler
   (*pro hac vice forthcoming*)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave. NW
Washington, DC 20036
Telephone: 202-887-3752
Fax: 202-530-9635
Email: gsigler@gibsondunn.com

Timothy Loose (*pro hac vice*)
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071
Telephone: 213-229-7000
Fax: 213-229-7520
Email: tloose@gibsondunn.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 23, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which caused a copy of the same to be sent via email to all counsel of record with notice of case activity generated.

/s/ Robert P. Berry