**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER PROSSER, *individually and on behalf of all others similarly situated*, </br></br>            Plaintiff, </br></br>    vs. </br></br> USHEALTH ADVISORS, LLC, *et al.*, </br></br>            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Case No. 4:23-cv-124-MTS |

### CASE MANAGEMENT ORDER – TRACK 2: STANDARD

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan, the Differentiated Case Management Program of the United States District Court for the Eastern District of Missouri, and the Joint Proposed Scheduling Plan, Doc. [78], **IT IS HEREBY ORDERED** that the following schedule shall apply in this case and will be modified *only* upon **good cause shown**:

**I.    Scheduling Plan**

1. This case is assigned to Track 2 (Standard).

2. All motions for joinder of additional parties or to file amended pleadings must be filed by **September 15, 2023**.

3. Discovery shall proceed in the following manner:

   (a) The parties shall make all initial disclosure required by Federal Rule of Civil Procedure 26(a)(1) no later than **September 29, 2023**.

   (b) Plaintiff shall designate all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) no later than **January 25, 2024**.

   (c) Defendant shall designate all expert witnesses and provide the reports required by Federal Rule of Civil Procedure 26(a)(2) by **March 9, 2024**.

   (d) Rebuttal expert disclosures, including reports, required under Federal Rule of Civil Procedure 26(a)(2) shall be made by both parties by **March 21, 2024**.

    (e)    Discovery does not need to be conducted in phases or limited to certain issues.

    (f)    The presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per side should apply in this case pursuant to Federal Rule of Civil Procedure 30 & 33.

    (g)    All discovery disputes must be raised in a diligent and timely fashion and asserted at least twenty (20) days before the close of discovery. ***Before filing a Motion relating to discovery***, the movant must request an informal conference with the Court and make a good faith effort to resolve the dispute before court intervention.

    (h)    The parties shall complete all discovery by **May 1, 2024**.

4.    Class Certification

    (a)    Plaintiff's motion for class certification and all memorandum and supporting materials must be filed by **January 1, 2024**; the Opposition brief shall be filed forty-five (45) days after service of such motion, and any Reply may be filed thirty (30) days after service of the response.

5.    This case shall be referred to alternative dispute resolution on **November 20, 2023,** and that reference shall terminate on **February 1, 2024**.

6.    Any dispositive motions or motions to exclude testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or *Kuhmo Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999), must be filed by **May 31, 2024**. The response to any such motion must be filed within twenty-one (21) days after the filing of the motion, and any reply must be filed within ten (10) days after the response is filed with the Court.

## II.    ORDER RELATING TO TRIAL

This action is set for a **JURY** trial[1] on **February 24, 2025**, at 9:00 a.m. in Courtroom Fourteen South (14-S). This is a two-week docket. A date for a **final pre-trial conference** will be set by the Court at a later date and will be approximately two (2) weeks before trial.

**In this case, unless otherwise ordered by the Court, the attorneys shall:**

1.    **Stipulation**: Meet and jointly prepare and file with the Court a JOINT Stipulation of all uncontested facts, at least **one (1) week before the final pre-trial conference**, which may be read into evidence subject to any

---

[1] The parties anticipate trial in this case will require 5 days.

objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **<u>Witnesses</u>**:

   (a) Deliver to opposing counsel, and to the Court, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who maybe called at least **<u>four (4) weeks before the pre-trial conference</u>**.

   (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order. Any objections not made in writing, no later than by **<u>three (3) weeks *before* the pre-trial conference,</u>** may be considered waived.

3. **<u>Exhibits</u>**:

   (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft -A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Court, no later than **<u>four (4) weeks *before* the pre-trial conference</u>**, a *list* of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

   (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination, no later than by **<u>three (3) days after the list</u>**. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification and shall file written objections to all other exhibits.

   (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made by **<u>three (3) weeks *before* the pre-trial conference</u>** may be considered waived.

4. **<u>Depositions, Interrogatory Answers, and Request for Admissions</u>**:

   (a) Deliver to opposing counsel *and* to the Court a list of all interrogatory answers or parts thereof and depositions or parts thereof (*identified by page and line numbers*), and answers to requests for admissions proposed to be offered in evidence no later than **<u>four (4) weeks *before* the pre-trial conference</u>**.

- 3 -

    (b) Opposing counsel shall state in writing, no later than **three (3) weeks** *before* **the pre-trial conference**, any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    (c) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. **Instructions**:
    (a) The parties must meet and confer, attempting to resolve any issue(s) with jury instructions. To that end, lead counsel must personally speak before submitting any jury instructions and must so certify in the instructions that they have spoken, providing the details of the date, time, duration, and topics discussed.

    (b) The parties must **jointly submit** the jury instructions they have **agreed** upon no later than by **one (1) week before the final pre-trial conference**.

    (c) For the jury instructions that remain in *dispute*, no later than by **one (1) week before the final pre-trial conference**, the parties must **separately** submit proposed versions of disputed jury instructions.

6. **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems at least **one (1) week before TRIAL**.

7. **Motions In Limine**: File all *motions in limine* to exclude evidence by **three (3) weeks** *before* **the pre-trial conference**. Responses or objections to any *motion in limine* must be filed no later than by **two (2) weeks** *before* **the pre-trial conference**. Any response or objection not made as required above may be considered waived. Also, in their response, the non-moving party must state if they have "no objection to" or "consent to" the other party's motion or objection. A Reply brief is optional but must be limited to seven (7) pages and filed no later than by **one (1) week** *before* **the pre-trial conference**.

\*\*\*

**The failure to comply with any part of this Order may result in the imposition of sanctions**.  In addition, the parties must abide by all applicable Federal Rules of Civil Procedure and the Local Rules of this District.

Dated this 28th day of August, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Case: 4:23-cv-00124-MTS   Doc. #:  80   Filed: 08/28/23   Page: 5 of 5 PageID #: 427